# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

MAPLE PARK PARTNERSHIP d/b/a
DESERT PINES APARTMENTS,

    Plaintiff,

v.

CIVIL SERVICE EMPLOYEES
INSURANCE GROUP, <u>et al.</u>,

    Defendants.

Case No. 2:09-cv-00403-KJD-RJJ

**<u>ORDER</u>**

Presently before the Court is Plaintiff's Motion to Remand (#10), filed April 1, 2009. Defendants filed a Response in Opposition (#14) on May 8, 2009, to which Plaintiff filed a Reply (#15) on April 13, 2009.

**I.  Procedural History**

On December 22, 2008, Plaintiff filed a Complaint in Clark County District Court against Defendant Civil Service Employees Insurance Group (CSE), a California-based insurance company, seeking a declaration of rights and obligations under the terms of the policies of insurance between the two parties.  On January 16, 2009, Plaintiff served the Complaint and Summons on Defendant CSE's resident agent in California.  On February 9, 2009, Plaintiff filed an Amended Complaint and served the Complaint and Summons upon the Nevada Insurance Commissioner ("commissioner"), pursuant to N.R.S. § 680A.260.  The commissioner mailed a copy of process to Defendant CSE's resident agent in California on February 10, 2009.  On March 2, 2009, Defendant CSE filed a Notice of Removal to federal court.  On April 1, 2009, Plaintiff filed the present Motion seeking to remand the case back to state court.

**II.  Analysis**

Under 28 U.S.C. § 1446(a), a defendant may remove any qualifying civil action from a state court by filing in the district court where the action is pending.  Section 1446(b) reads, in part:  "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  In order to evaluate the timeliness of a notice of removal, a court must discover the point at which the thirty-day period is triggered.  The Supreme Court has held that "service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."  Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999).  In Michetti, the Supreme Court upheld the district court's decision that official service of process triggers the thirty-day period, superseding the previous tradition of allowing receipt of a "courtesy copy" of the complaint to serve as the trigger.  Id. at 349.  The Court came to this conclusion in large part because it recognized that allowing a defendant's right to remove to lapse before the defendant is "subject to any court's authority" is not what the legislature intended by the language of the statute.  Id. at 356.  Thus, when deciding the moment the thirty-day period is triggered, a court must decide when official, nondefective process was completed.

Under N.R.S. § 680A.250(a), any insurance company that wishes to do business in Nevada must appoint the state commissioner as its attorney to receive service of process.  Accordingly, service of process against an insurance company must be made by delivering two copies of the process to the commissioner, who then completes service by mailing a copy of process to the insurance company.  N.R.S. § 680A.260.  Therefore, official service is rendered complete when the commissioner mails a copy of the process to the insurance company.

Here, Plaintiff attempted to serve process on January 19, 2009, by mailing it directly to the insurance company.  On February 9, 2009, when Plaintiff recognized that it had not complied with section 680A.260, another copy of the Complaint and Summons was delivered to the commissioner,

who then mailed a copy to Defendant CSE, thus completing official service of process.  Though perhaps made in good faith, Plaintiff's first attempt at service was defective because it did not comply with N.R.S. § 680A.260.  Defendant CSE did not become "subject to any court's authority" as a result of the defective service of process, and thus could not be expected to file a notice of removal.  <u>Michetti</u>, 526 U.S. 344 at 356.   Furthermore, as Plaintiff points out, Defendant CSE has been involved in several cases in the state courts of Nevada as a defendant and would thus likely expect service of process to be completed in the appropriate manner.  (<u>See</u> Motion to Remand at 5.) Official service of process was completed by the commissioner's mailing, which caused the thirty-day period to begin on February 10, 2009.  Thus, the filing of the Notice of Removal on March 2, 2009, was timely.

### III.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (#10) is **DENIED**.

Dated this 7th day of May 2009.

_____
Kent J. Dawson
United States District Judge